J. S55009/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :               PENNSYLVANIA
               v.                 :
                                            :
JOSEPH WILLIAM BURCH,          :          No. 1650 WDA 2014
                                            :
              Appellant       :

Appeal from the PCRA Order, September 16, 2014
in the Court of Common Pleas of Crawford County
Criminal Division at No. CP-20-CR-0000570-2008

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 06, 2015**

Joseph William Burch appeals, **_pro se_**, from the order of September 16, 2014, dismissing his third petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 **_et seq_**. Finding no error, we affirm.

         The relevant facts and procedural history, as
set forth by the PCRA court, are as follows.

> On November 3, 2008, [Appellant] pled guilty to Aggravated Indecent Child Assault, 18 Pa.C.S.A. § 3125(b), after allegedly digitally penetrating the genitals of victim, O.C. On January 5, 2009, [Appellant] pled guilty to Prohibited Offensive Weapons, 18 Pa.C.S.A. § 908(a), and Possession of Drug Paraphernalia, [35] P.S. § 780-113. [Appellant] was sentenced on February 26, 2009 to serve 120 to 240 months in prison for the Aggravated Indecent Child

---

* Retired Senior Judge assigned to the Superior Court.

Assault and 14 to 60 months in prison for the Prohibited Offensive Weapons and Paraphernalia charges.[Footnote 1]

> [Footnote 1] Appellant did not file a direct appeal.

Subsequently, [Appellant] filed a *pro se* PCRA petition alleging ineffective assistance of counsel against Mr. Edward J. Hatheway, Esq., a plea of guilty unlawfully induced, and unavailability at the time of trial of exculpatory evidence. [Appellant] averred that Mr. Hatheway was ineffective for allegedly failing to discuss with [Appellant] the negative effects of Forensic Nurse Rhonda Henderson's (hereinafter "Nurse Henderson") report on her examination of the victim, failing to inform [Appellant] of the option of retaining an expert to independently examine Nurse Henderson's findings, and failing to inform [Appellant] of publications challenging Nurse Henderson's methods and findings in cases similar to [Appellant's].

[Appellant]'s PCRA [petition] was filed on October 18, 2010, approximately one year and eight months after [Appellant] was sentenced on February 26, 2009. Despite the fact that this petition was filed outside of the one-year period for filing a PCRA, [the PCRA court] permitted [Appellant] to proceed with his petition because Nurse Henderson's reports and examinations in cases similar to [Appellant]'s had been criticized.[Footnote 2] [The PCRA court] entered an order on April 7, 2011 granting PCRA counsel, J. Wesley Rowden, Esq., time to have Nurse Henderson's records, reports, and

opinions evaluated by an expert. After granting a Motion to Continue Status Conference on August 17, 2011, a status conference was held on September 26, 2011 to decide the need for an evidentiary hearing.

[Footnote 2] On October 18, 2010, upon receipt of Appellant's **pro se** petition, J. Wesley Rowden, Esquire (Attorney Rowden), was appointed to represent Appellant. Additionally, Attorney Rowden was granted 60 days to file an amended PCRA petition on behalf of Appellant. Thereafter, on December 17, 2010, Attorney Rowden filed Appellant's amended PCRA petition. On January 10, 2011, upon review of Appellant's amended PCRA petition the PCRA court determined it was appropriate "to schedule the argument on the question of whether the issues raised are time-barred and/or whether an evidentiary hearing should be held[.]" PCRA Court Order, 1/10/11. Following said argument, the PCRA court determined Appellant's petition was untimely but determined that "the one issue that is not time-barred to be the question of whether there is after-discovered evidence that may afford [Appellant] some relief." PCRA Court Order, 3/15/11 at 4.

A Memorandum and Order issued by [the PCRA court] on November 14, 2011 denied [Appellant]'s request for an evidentiary hearing . . . . In that Memorandum and Order, [the PCRA court] allowed [Appellant] 20 days to respond to the Order, and PCRA counsel filed a Response to the Judge's Intention to Dismiss the PCRA on December 2, 2011. Therein, [Appellant] alleged he could prove that he learned of the challenges to Nurse Henderson's credibility on August 11, 2010 and mailed "the required advisory to the appropriate source," on October 5, 201[0]. [Appellant]'s Response to Judge's Intention to Dismiss at ¶ 2. As a result, [the PCRA court] scheduled an evidentiary hearing for April 5, 2012 to address any new issues in this case and hear testimony regarding Mr. Hatheway's alleged ineffectiveness.

PCRA Court Opinion, 7/5/12, at 1-2.

*Commonwealth v. Burch*, No. 1198 WDA 2012, unpublished memorandum

at 1-3 (Pa.Super. filed March 8, 2013).

On July 5, 2012, following the April 5, 2012 hearing, the PCRA court denied Appellant's PCRA petition on the basis that it was untimely. *Id.* at 5. Specifically, the PCRA court held that Appellant's PCRA petition was not filed until October 18, 2010, more than 60 days after Appellant discovered the alleged new fact on August 11, 2010. *Id.* at 4. Therefore, the PCRA court determined Appellant's petition was patently untimely, and that it lacked jurisdiction to address his PCRA petition. *Id.* On July 31, 2012, Appellant filed a timely notice of appeal.

*Id.* at 3-4 (footnote omitted).  On appeal, this court affirmed, finding that appellant's petition was untimely filed.  According to appellant's own testimony, he learned of the issue with Nurse Henderson's reports on August 11, 2010.  *Id.* at 9.  Therefore, he had until October 10, 2010, 60 days later, to file his PCRA petition.  *Id.*  As appellant did not file his PCRA petition until October 18, 2010, he failed to meet his burden under Section 9545(b)(1)(ii), the after-discovered facts exception to the PCRA's jurisdictional one-year time bar.  *Id.* at 9-10.  While appellant alleged, for the first time on appeal, that he handed his petition to prison officials for mailing on October 5, 2010, he provided no proof of said filing.  *Id.* at 9-10. Therefore, we concluded that the PCRA court correctly denied appellant's petition as untimely.  Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court which was denied on August 15, 2013. ***Commonwealth v. Burch***, 72 A.3d 600 (Pa. 2013).

Appellant filed a second ***pro se*** PCRA petition on September 18, 2013, which was also dismissed as untimely on October 29, 2013.  (Docket #67.) That order was not appealed.  Appellant filed the instant petition, his third, on August 5, 2014.  On August 26, 2014, the PCRA court issued notice of its intention to dismiss appellant's petition as untimely, without an evidentiary hearing, within 20 days pursuant to Pa.R.Crim.P., Rule 907, Pa.C.S.A. (Docket #69.)  Appellant filed a ***pro se*** response to Rule 907 notice on September 12, 2014; and on September 16, 2014, appellant's PCRA petition

was finally dismissed as untimely. (Memorandum and Order, 9/16/14; docket #71.) On October 7, 2014, appellant filed a timely *pro se* notice of appeal, and the PCRA court filed a Rule 1925(a) opinion, relying on its prior memoranda and orders dated November 14, 2011, July 5, 2012, and August 26, 2014, as the reasons for its order. Appellant was not directed to file a Rule 1925(b) concise statement of errors complained of on appeal.

Appellant has set forth the following issues for this court's review:

I. WAS APPELLANT'S GUILTY PLEA UNKNOWING, INVOLUNTARY, AND THEREFORE INVALID AS IN THAT IT WAS ENTERED AT THE ADVICE OF COUNSEL WHO HIMSELF WAS INEFFECTIVE AS A RESULT OF COUNSEL'S FAILURE TO REQUEST A COMPETENCY HEARING FOR THE JUVENILE WITNESS/VICTIM IN THIS MATTER?

II. WAS APPELLANT DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW IN THAT THE PROSECUTION INTRODUCED FALSE AND PERJURED EXPERT WITNESS TESTIMONY IN ORDER TO INDUCE APPELLANT TO ENTER A PLEA OF GUILTY?

III. DID A MANIFEST INJUSTICE OCCUR AS A RESULT OF THE TRIAL COURT'S FAILURE TO HOLD THE MANDATORY COMPETENCY HEARING FOR THE JUVENILE WITNESS/VICTIM BEFORE ACCEPTING APPELLANT'S GUILTY PLEA?

IV. WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED TO CONDUCT AN INVESTIGATION THAT WOULD HAVE REVEALED APPELLANT'S HISTORY OF MENTAL HEALTH ISSUES AND RAISED QUESTIONS AS TO APPELLANT'S COMPETENCE TO STAND TRIAL OR ENTER A GUILTY OF GUILTY [SIC]?

V. WAS APPELLANT ABANDON [SIC] BY COUNSEL THAT FAILED TO FILE A DIRECT APPEAL AS REQUESTED ON APPELLANT'S BEHALF?

VI. WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN THAT PLEA COUNSEL DID NOT DISCUSS WITH, OR ADVISE APPELLANT OF THE SENTENCE BEFORE IT WAS IMPOSED?

VII. DID THE PCRA COURT ABUSE ITS DISCRETION AND DENY APPELLANT DUE PROCESS OF THE LAW WHEN [THE] COURT ORDERED AN EVIDENTIARY HEARING ON APPELLANT'S NEWLY DISCOVERED EVIDENCE CLAIM, AND THEN RULED APPELLANT'S PCRA PETITION TO BE UNTIMELY FILED WITHOUT ADDRESSING THE MERITS OF APPELLANT'S NEWLY DISCOVERED EVIDENCE?

VII[I]. WAS APPELLANT DENIED DUE PROCESS OF THE LAW AND EFFECTIVE ASSISTANCE OF COUNSEL IN THAT TRIAL COUNSEL FAILED TO ADVISE APPELLANT OF HIS RIGHT TO HAVE AND [SIC] EXPERT WITNESS TO TESTIFY IN HIS DEFENSE?

IX. WAS APPELLANT DENIED DUE PROCESS OF THE LAW AND EFFECTIVE ASSISTANCE OF COUNSEL IN THAT PCRA COUNSEL FAILED TO OBJECT OR PRESERVE ON THE RECORD FOR FURTHER REVIEW THE PCRA COURT'S FAILURE TO ADDRESS APPELLANT'S NEWLY DISCOVERED EVIDENCE CLAIM BEFORE RULING THAT APPELLANT'S PCRA PETITION WAS UNTIMELY FILED?

Appellant's brief at v-vi.

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The

> PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008), quoting *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003); *Commonwealth v. Vega*, 754 A.2d 714, 717 (Pa.Super.2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:

> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> >
> > 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Id.*** at 1079-1080. "To invoke an exception, the petitioner must plead it and satisfy the burden of proof." ***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa.Super. 2007), ***appeal denied***, 948 A.2d 803 (Pa. 2008), citing ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

> "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction

> over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Albrecht***, 606 Pa. 64, 994 A.2d 1091, 1093 (2010) (quoting ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520, 522 (2006)). Statutory time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." [***Commonwealth v.***] ***Fahy***, 737 A.2d [214] at 222 [Pa. 1999].

***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa.Super. 2014).

Instantly, appellant was sentenced on February 26, 2009, and did not file a direct appeal. As a result, appellant's judgment of sentence became final on March 30, 2009, when the 30-day period to file a direct appeal with this court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); ***Geer***, ***supra***. Therefore, appellant had until March 30, 2010, to file a timely PCRA petition and the instant petition, filed August 5, 2014, is manifestly untimely.

Many of appellant's claims relate to newly discovered evidence in the form of Nurse Henderson's reports, which have already been litigated. As summarized above, on appeal from the denial of appellant's first PCRA petition, this court affirmed the PCRA court's order denying appellant's petition as untimely. We determined that appellant did not file his petition within 60 days of discovering the information regarding Nurse Henderson's reports. Furthermore, in appellant's current petition, his third, he has failed to plead any exception to the one-year filing requirement. (Memorandum and Order, 8/26/14 at 2.)

Appellant raises several claims of trial counsel ineffectiveness, including failure to request a competency hearing for the child victim/witness, failure to investigate appellant's alleged history of mental health issues, failure to advise appellant of his right to direct appeal, and failure to consult with appellant regarding the sentence to be imposed. It is well settled that claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time bar of the PCRA. *See Gamboa-Taylor*, 753 A.2d at 783 (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *see also Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not avoid the timeliness requirement of the PCRA). *Cf. Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (where appointed counsel had abandoned the appellant by failing to file an appellate brief, resulting in dismissal of the appeal, this allegation brought the appellant's claim within the ambit of Subsection 9545(b)(1)(ii)).

In his brief on appeal, appellant claims that the government interference exception, 42 Pa.C.S.A. § 9545(b)(1)(i), applies because the Commonwealth withheld exculpatory and impeachment evidence. (Appellant's brief at 21.) According to appellant, the Commonwealth knew in July 2011 that Nurse Henderson had given false and perjured testimony in other cases. (*Id.* at 21-22.) As described above, this issue concerning

- 11 -

Nurse Henderson's expert reports was already litigated in appellant's first PCRA petition. Appellant attempted to invoke the after-discovered facts exception to the one-year filing requirement, and we determined that it was inapplicable where appellant failed to file his petition within 60 days. The analysis is the same with regard to the government interference exception.

As appellant's petition, his third, is patently untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015